

FILED

FEB - 1 2001

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES MARTIN,

    Petitioner,

vs.

S.L. HUBBARD, et al.,

    Respondents.

No. CIV S-99-0223 WBS GGH P

ORDER AND

FINDINGS AND RECOMMENDATIONS

I. Introduction

    Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1995 conviction for first degree murder and robbery. Petitioner is serving a sentence of life without the possibility of parole. This action is proceeding on the second amended petition filed March 24, 2000. Petitioner filed this petition in response to the March 1, 2000, order which stated, in relevant part,

> Petitioner is directed to file a second amended petition containing all claims which he believes are exhausted. The amended petition should be a final petition, i.e. be factually specific and contain a points and authorities. Respondent shall then file a response. If the court determines that the second amended petition contains unexhausted claims, it shall recommend dismissal of the petition as a mixed petition. Petitioner should err on the side of filing a petition containing

39

1

> only clearly exhausted claims. Petitioner should exhaust those claims which are in dispute.

March 1, 2000, order at 2.

As stated above, on March 24, 2000, petitioner filed a second amended petition which he claimed contained exhausted claims. Petitioner also filed a notice of unexhausted claims and a motion to hold proceedings in abeyance pending exhaustion.

On July 18, 2000, respondent filed the instant motion to dismiss, arguing that some claims raised in the second amended petition are not exhausted. After reviewing the record, the court recommends that respondent's motion be denied and that petitioner file a petition containing only his exhausted claims.

II. Legal Standard

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 513 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

III. Discussion

Respondent argues that the second amended petition contains unexhausted claims. In order to put respondent's argument in context, the court will set forth the specific claims raised

in the second amended petition.

First, petitioner alleges that counsel was ineffective in failing to adequately prepare for a hearing regarding the exclusion of witness Permenter's 1986 statement to the police. Petitioner alleges that counsel failed to call Dr. Garcia-Swan as a witness at this hearing, and failed to point out obvious prevarication to the trial court. Petitioner also appears to separately allege that trial counsel failed to present evidence that Permenter's 1986 statements were not truthful during the admissibility hearing and the trial. In particular, petitioner contends that counsel had access to the same evidence of untruths available to the prosecution, and argued by the prosecution in closing argument, yet failed to present this evidence.

Second, petitioner contends that he received ineffective assistance of appellate counsel based on appellate counsel's failure to challenge the admissibility of Permenter's 1986 statement on constitutional grounds including due process and the Sixth Amendment right to confront and cross-examine witnesses.

Third, petitioner alleges that he was denied due process by the trial court's dismissal of the first jury pool. Fourth, petitioner alleges insufficient evidence to support his conviction. Fifth, petitioner alleges jury instruction error based on the failure to give an accomplice instruction.

Respondent contends that the following claims are unexhausted: 1) ineffective assistance of counsel; 2) ineffective assistance of appellate counsel; 3) insufficient evidence; 4) jury instruction error. The court will examine each of these claims in turn.

The petition for review filed in the California Supreme Court raised one claim: the trial court erred in admitting Permenter's statements to the police as past recollection recorded. Respondent's Exhibit A. Accordingly, the court will focus on the habeas petition filed in the California Supreme Court in evaluating the issue of exhaustion.

In the habeas petition filed in the California Supreme Court, petitioner raised an

3

ineffective assistance of counsel claim challenging counsel's failure to obtain the exclusion of Permenter's 1986 statement. Respondents Exhibit E. Petitioner's statement of this claim in the state petition is confusing. However, after carefully reviewing the state petition it is clear that petitioner did not specifically allege that counsel should have called Dr. Garcia-Swan as a witness at this hearing. While petitioner did contend that he gave his counsel a list of several potential witnesses but none were called, it appears that this contention relates to counsel's performance during trial rather than the exclusion hearing. Respondent's Exhibit E, p. 5.

Petitioner may present new factual allegations in support of his ineffective assistance of counsel claim so long as they do not fundamentally alter the claim. Pappageorge v. Sumner, 688 F.2d 1294, 1295 (9th Cir. 1982). The factual basis of petitioner's claim that his counsel should have called Dr. Garcia-Swan to testify at the admissibility hearing is different from the ineffective assistance of counsel claim raised before the California Supreme Court. Because the instant claim fundamentally alters the ineffective assistance of counsel claim raised in the state petition, it is unexhausted.

As stated above, petitioner may be raising a second ineffective assistance of counsel claim. Petitioner contends that trial counsel failed to present evidence that Permenter's 1986 statements were not truthful during the admissibility hearing and the trial. Petitioner contends that counsel had access to the same evidence of untruths available to the prosecution, and argued by the prosecution in closing argument, yet failed to present this evidence.

This claim is vaguely pled. Petitioner does not cite what evidence counsel failed to present regarding Permenter's 1986 statement. Nor does petitioner specifically describe the untruths available to the prosecution which his counsel failed to pursue.[1] Because of this

---

[1] In the state petition, petitioner argued, "Permenter was several addicted to methamphetamine and alcohol, was paranoid, and relied upon information that had been supplied to petitioner's mother by the police." Exhibit E, p. 3. It is unclear if petitioner was claiming that this information was available to counsel, who failed to present it. It is not up to the court to guess the factual basis of petitioner's federal claims.

4

imprecise pleading, the court cannot determine what particular part of the state ineffective assistance of counsel claim the federal claim is based on. Accordingly, this claim should be dismissed as unexhausted.[2]

Respondent next argues that petitioner did not clearly raise his ineffective assistance of appellate counsel claims before the California Supreme Court. Petitioner contends that he received ineffective assistance of appellate counsel based on appellate counsel's failure to challenge the admission of Permenter's 1986 statement on constitutional grounds including due process and the Sixth Amendment right to confront and cross-examine witnesses.

After reviewing the state petition, the court finds that petitioner did not raise the instant ineffective assistance of appellate counsel claims. Petitioner did allege that, "[a]ppellate counsel failed to demonstrate Constitutional deprivations, Court error (except pertaining to the 1237 issue), prosecutorial misconduct, and abuse of discretion." Exhibit E, p. 5. However, petitioner did not specifically allege appellate counsel's failure to raise claims alleging violations of his right to confront and cross-examine witnesses. Accordingly, the court finds that this claim is not exhausted.

Respondent next argues that petitioner's insufficiency of evidence claim is not exhausted. Respondent argues that while petitioner may have mentioned that there was insufficient evidence to convict him, he did not specifically raise this claim. The state petition did not specifically raise this claim. While some of petitioner's discussion in the state petition may have suggested an insufficiency of evidence claim, this does not constitute exhaustion.

---

[2] Respondent argues that the ineffective assistance of counsel claims raised in the state petition are not exhausted because they were vaguely pled. However, in denying the petition the California Supreme Court gave no indication that it refused to consider the merits of this claim for this reason. For example, the California Supreme Court did not cite In re Swain, 34 Cal.2d 300, 304 (1949)(court did not reach merits of claim which petitioner failed to allege with sufficient particularity). Because the California Supreme Court considered the merits of this ineffective assistance of counsel claim, that claim as raised in the state petition is exhausted. The instant issue is whether the ineffective assistance claim raised in the federal petition matches that raised in the state petition. This the court cannot determine.

5

1 | Accordingly, this claim is not exhausted.

Finally, respondent contends that petitioner's claim alleging jury instruction error based on the failure to give an accomplice instruction is not exhausted. Respondent argues that while petitioner raised a state habeas claim attacking the lack of an accomplice instruction, he failed to articulate a federal constitutional basis for the claim.

The state habeas petition stated,

> The trial court erred in not instructing jury as to the accomplice rule with respect to Bonnie Permenter Haywood. This is in violation of both State and Federal rules, thus a violation of due process, to a Constitutional Level.

Respondent's Exhibit E, p. 9.

A petitioner exhausts state remedies only if he characterizes the claims raised in state proceedings specifically as federal claims. Lyons v. Jackson, 232 F.3d 666, 670 (9th Cir. 2000). To characterize claims specifically as federal claims, "the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Id.

Jury instruction errors provide a basis for granting a habeas corpus petition only if "'the ailing instruction so infected the entire trial that the resulting conviction violates due process.'" Estelle v. McGuire, 502 U.S. 141, 147, 94 S.Ct. 396 (1973). In the state petition, petitioner properly characterized his jury instruction claim as violating federal due process. Therefore, this claim is exhausted.

In conclusion, the court finds petitioner's insufficiency of evidence and ineffective assistance of trial and and appellate counsel claims are unexhausted. In the March 1, 2000, order the court warned petitioner to err on the side of filing a petition containing only clearly exhausted claims. The court further warned that if it determined that the second amended petition contained unexhausted claims, it would recommend dismissal of the petition as a mixed petition. Petitioner did not heed the court's warnings. However, petitioner, who is LWOP, would be

prejudiced were this action dismissed. See Jiminez v. Rice, 222 F.3d 1210 (9th Cir. 2000)(Section 28 U.S.C. § 2254(d) does not toll the limitations period while a federal habeas petition is pending). Accordingly, the court will recommend dismissal of the four claims discussed above and direct petitioner to file a third amended petition containing his two exhausted claims. The court will then recommend that this action be stayed pending exhaustion.

In the motion to dismiss, respondent argues that any new claims would be barred by the statute of limitations. The court will consider this issue following exhaustion. Petitioner has also requested an evidentiary hearing. This request should be raised in the petition filed following exhaustion.

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty days of the date of this order petitioner shall file a third amended petition containing only his exhausted claims, as discussed above;

2. Petitioner's March 24, 2000, motion to hold proceedings in abeyance is granted; following receipt of the third amended petition, the court will recommend that this action be stayed;

IT IS HEREBY RECOMMENDED that respondent's July 18, 2000, motion to dismiss be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised
/////
/////

that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: ~~February~~ 30 , 2001.

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH/kj/rlw
mart0223.new

8

United States District Court
for the
Eastern District of California
February 1, 2001

* * CERTIFICATE OF SERVICE * *

2:99-cv-00223

Martin

   v.

Hubbard

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on February 1, 2001, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

    Michael Bradley Bigelow          SH/WBS
    Law Offices of Michael Bradley Bigelow
    428 J Street                             VC/GGH
    Suite 356
    Sacramento, CA  95814-6908

    DAG
    Attorney General's Office of the State of California
    PO Box 944255
    1300 I Street
    Suite 125
    Sacramento, CA  94244-2550

    Robert R Anderson
    Attorney General's Office of the State of California
    PO Box 944255
    1300 I Street
    Suite 125
    Sacramento, CA  94244-2550

Jack L. Wagner, Clerk